**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LOWELL STATON,

                Plaintiff,

vs.                                              Case No. 3:11-cv-1142-J-12JRK

PRO QUALITY CONCRETE, INC., a
Florida Corporation, and ROBERT P.
NAPIER,

                Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

This cause is before the Court on Plaintiff's Renewed Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law Against Defendant, Pro Quality Concrete, Inc. (Doc. No. 19; "Motion"), filed May 10, 2012.[2] To date, Defendant Pro Quality Concrete, Inc. has not appeared in this action; but, co-Defendant Robert P. Napier has appeared. Although the Motion only seeks entry of a default judgment against Defendant Pro Quality Concrete, Inc. and not against Defendant Robert P. Napier, a comprehensive procedural history of this action is provided to place the Motion in context.

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file timely objections may bar a party from a de novo determination by a district judge and from attacking factual allegations on appeal. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

[2] Plaintiff certifies that a copy of the Motion was mailed to both Defendants on May 10, 2012. See Motion at 6.

## **I.  Background**

Plaintiff initiated this action by filing a Complaint and Demand for Jury Trial (Doc. No. 1; "Complaint") on November 17, 2011, naming two parties as Defendants: Pro Quality Concrete, Inc. and Robert P. Napier.  See generally Compl.  The Complaint raises claims pursuant to the Fair Labor Standards Act ("FLSA").  Id. at 3-5.  Plaintiff seeks recovery of overtime compensation, liquidated damages, reasonable attorney's fees, and costs, as well as declaratory relief.  Id.  Plaintiff alleges that Defendant Napier owned and operated Defendant Pro Quality Concrete, Inc., and that Plaintiff was employed by both Defendants from 2003 to December 2010.  Id. at 1-2.  Plaintiff contends he "routinely worked overtime hours almost every week but usually did not receive any overtime compensation."  Id. at 3.  Plaintiff asserts that Defendants willfully violated the FLSA by either not paying Plaintiff for the hours worked or by misclassifying Plaintiff as an exempt employee.  Id. at 3, 4.

After the Complaint was filed and Defendants were served with process, see Returns of Service (Doc. Nos. 7, 8), Plaintiff moved for entry of default because Defendants failed to answer or otherwise appear in this action, see Plaintiff's Motion for Clerk's Default Against Defendants (Doc. No. 9), filed March 7, 2012.  Defaults were entered against both Defendants on March 15, 2012.  See Entries of Default (Doc. Nos. 10, 11).  Then, on March 30, 2012, Plaintiff moved for entry of default judgment against both Defendants.  See Plaintiff's Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law (Doc. No. 12; "First Motion for Default Judgment").  In the First Motion for Default Judgment, Plaintiff requested the Court enter default judgments against both Defendants in the amount of $70,200.00 plus costs in the amount of $470.00.  Id.  The First Motion for Default

Judgment was taken under advisement on April 17, 2012, and Defendants were directed to respond by May 1, 2012. See Order (Doc. No. 13). The following day, April 18, 2012, Defendant Napier filed a pro se Response to Entry of Default Received (Doc. No. 14; "Response"). The Response was in the form of a letter written by Defendant Napier. Response at 1. It appeared that Defendant Napier authored the letter on behalf of himself and Defendant Pro Quality Concrete, Inc., because the letter was signed "C/o Robert P. Napier" with "Pro Quality Concrete" directly beneath his name. Id. However, Defendant Napier only expressly requested that the Court not enter default judgment against him.[3] Id. The Court took that request under advisement, directed Plaintiff to file a response, and advised Defendant Pro Quality Concrete, Inc. that it must obtain counsel if it wished to be heard in this matter. See Order (Doc. No. 15), entered April 24, 2012. As directed, Plaintiff timely filed a "Response to Defendants' Motion and This Court's Order Dated April 24, 2012" (Doc. No. 16). Upon consideration of the parties' filings, the Court set aside the default entered by the Clerk against Defendant Napier, but not against Defendant Pro Quality Concrete, Inc. See Order (Doc. No. 17), entered May 9, 2012.

Thereafter, the instant Motion was filed against Defendant Pro Quality Concrete, Inc. only. In the Motion, Plaintiff seeks entry of a default judgment against Defendant Pro Quality Concrete, Inc. in the amount of $70,200.00 plus costs in the amount of $470.00 (the same amounts Plaintiff sought against both Defendants in the First Motion for Default Judgment).

---

[3] Even if Defendant Napier had specifically requested that the Clerk's default be set aside as to Defendant Pro Quality Concrete, Inc., the Court could not have entertained such a request because the Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), permit a corporation to "appear and be heard only through counsel admitted to practice in the Court." Local Rule 2.03(e). Defendant Napier is not an attorney.

-3-

Motion at 2, 5. In support of the relief requested, Plaintiff attached to the Motion an Affidavit of Lowell Staton (Doc. No. 19-1; "Affidavit") and a Case Expense Report (Doc. No. 19-2; "Expense Report"). The Motion was taken under advisement on May 30, 2012, and Defendant Pro Quality Concrete, Inc. was directed to file a response, through counsel, by June 12, 2012. See Order (Doc. No. 20). To date, Defendant Pro Quality Concrete, Inc. has failed to appear in this case.

## II. Discussion

Rule 55 provides the requirements for entry of a default judgment. See Fed. R. Civ. P. 55(b)(2). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. See Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975);[4] see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (stating that "[a] default judgment cannot stand on a complaint that fails to state a claim") (citations omitted).

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

Entry of a default judgment, however, may be inappropriate if it will result in inconsistent judgments. See Frow v. De La Vega, 82 U.S. 552 (1872); Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., 740 F.2d 1499, 1512 (11th Cir. 1984); Rodriguez v. Guacamole's Authentic Mexican Food & More, LLC, No. 11-62527-CIV, 2012 WL 718688, at *2 (S.D. Fla. Mar. 6, 2012) (unpublished); Michaud v. US Steakhouse Bar & Grill, Inc., No. 6:04-cv-1371-Orl-UAM, 2007 WL 1696014, at *1 (M.D. Fla. June 12, 2007) (unpublished). The possibility of inconsistent judgments may arise when defendants are jointly and severally liable or have closely related defenses. Rodriguez, 2012 WL 718688, at *2 (citations omitted).

Here, entering default judgment against Defendant Pro Quality Concrete, Inc. at this time has the potential to result in inconsistent judgments. Plaintiff's FLSA claims are brought against both Defendants, and if liability is found, Defendants would be jointly and severally liable. See Patel v. Wargo, 803 F.3d 632, 637-38 (11th Cir. 1986) (quoting Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983) (noting that an individual "with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages")). Moreover, "because a corporate defendant can only act through its employees and agents," Rodriguez, 2012 WL 718688, at *3, Defendants likely have "closely related defenses," id. at *2. Here, Defendant Napier is the only person alleged to have owned and operated Defendant Pro Quality Concrete, Inc., and those two parties are the only named Defendants. Therefore, if the Court were to enter default judgment against Defendant Pro Quality Concrete, Inc. and Defendant Napier were to successfully present a valid defense, inconsistent judgments could result. See Michaud, 2007 WL 1696014, at *1 (declining to enter a default judgment in a similar situation);

Rodriguez, 2012 WL 718688, at *3 (same).  Accordingly, the relief requested in the Motion should be denied without prejudice pending adjudication of the claims against Defendant Napier.

After due consideration, it is

**RECOMMENDED**:

That Plaintiff's Renewed Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law Against Defendant, Pro Quality Concrete, Inc. (Doc. No. 19) be **DENIED without prejudice**.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on August 2, 2012.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

jld
Copies to:

Honorable Howell W. Melton
United States District Judge

Counsel of Record

Pro Quality Concrete, Inc.
3422 Devilwood Street
Middleburg, Florida 32068

Robert P. Napier
3422 Devilwood Street
Middleburg, Florida 32068